Locke, Judge,
 

 delivered the opinion of the Court;
 

 In this case, the Plaintiff was entitled to a verdict, if the evidence was sufficient to satisfy the Jury that the Defendant knew of the defect or imsotindness of the negro child and failed to disclose
 
 it;
 
 or the defect was apparent to a common observer and no artifice used to conceal it. The Jury have found for tiie Defendant, and the Plaintiff asks that a new trial may be granted, because fhe verdict is either contrary to the evidence or to the weight of evidence, and if this he the case, a new trial should be granted.
 

 . It appears that the Defendant purchased the negro child nine months before the sale to the Plaintiff, and
 
 *265
 
 during that time the child remained iuthcsamchoiise where the Defendant breakfasted and dined. The child was between fifteen and nineteen months old, incapable of talking, walking or moving, except on its back
 
 backwards.
 
 Is it likely that a defect so apparent would,, during all this time, and with so many opportunities for observation, escape the notice of the Defendant or some «f his family who would communicate it to the Defendant? If we judge of this Defendant, as from our knowledge of the world, we judge of others, the inference is irresistible that he knew oí the defect. But this is not all, — a day is fixed for the delivery of the negro, and when the Plaintiff arrives there,, the Defendant, without the least intimation of dissatisfaction on the part of the Plaintiff, proposes to him to recant. What could induce him to do this ? the reason given by Defendant was certainly á very weak one, to-wit: that he could get the same price from another person. He is not to gain any thing by the recantation, except the trouble of making a new bargain, which few men would covet. It is fair to presume, that the triie motive which influenced him in. making this proposition, was an expectation that it might, in the event of a suit against him, be given in evidence as a proof of fairness in his dealing. Such artifice cannot impose upon men accustomed to investigate fraud; to them it is proof direct of a fraudulent intention.
 

 But if the foregoing circumstances be insufficient, or leave the case doubtful, (in which case the rule for a new trial should be discharged) the declaration of Defendant when coupled with them, places the case beyond any doubt. What did the Defendant mean, when he said (looking at the child) I wish you were on the Sand-* Hills, and I had my money for you ?’* It must mean that he had discovered some defect, which impaired the value of the child, and made him willing to have his mo» «ey again.
 

 
 *266
 
 To this .evidence on behalf of the Plaintiff, there is vc« ry little opposed on behalf of the Defendant, and although there be no direct and positive evidence oí a knowledge of the defect, there is clear proof of facts, from which such knowledge must be inferred. Tho verdict is contrary to the weight of evidence, and the rule for a new trial must be made absolute.